# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BOBBI L. COLLINS and PATTI JOHNSON, | |
| Plaintiffs, | No. C10-4015-PAZ |
| vs. | **ORDER ON MOTION FOR SEPARATE TRIALS** |
| CENTER FOR SIOUXLAND, an Iowa Nonprofit Corporation; BARRY McARDLE; and JAN KLIMIADES; | |
| Defendants. | |

Plaintiffs Bobbi Collins and Patti Johnson both were discharged from employment by defendant Center For Siouxland ("the Center"). In this action, they each claim their discharge was unlawful in violation of the whistleblower provisions of the Federal False Claims Act and their rights under Iowa common law.

Collins was employed by the Center from April 16, 2001, through September 4, 2008. Johnson was hired to replace Collins, and was employed by the Center from September 30, 2008, through May 21, 2009. The plaintiffs claim they were fired for alerting management to misuse of federal grant money by the Center and certain of its officers. The defendants deny any misuse of federal funds, deny knowledge of protected activity by the plaintiffs at the time they were fired, and assert that both of the plaintiffs were terminated for legitimate, lawful reasons.

The defendants move for separate trials pursuant to Federal Rules of Civil Procedure 21[1] and 42(b),[2] asking that the claims of Collins be tried separately from the claims of Johnson. Doc. No. 13. They argue that Collin's and Johnson's claims are

---

[1] "On motion . . ., [t]he court may . . . sever any claim against any party."

[2] "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more . . . claims. . . ."

misjoined because they do not satisfy the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a).[3] They point out that the plaintiffs were employed at different times, and they contend the claims of each plaintiff turn on facts particular to that plaintiff. They assert that facts one plaintiff must prove to establish her claims do not establish any of the other plaintiff's claims. They argue separate trials are required to avoid jury confusion and unfair prejudice to the defendants based on the fact that "the jury may improperly consider facts supporting one plaintiff's claims to support the other plaintiff's claims, either directly, or by implication." Doc. No. 13-1, at 3. The plaintiffs resist the motion. Doc. No. 14. The defendants have filed a reply. Doc. No. 15.

The purpose of Rule 20(a) is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). "Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Nonetheless, permissive joinder under Rule 20(a) is not proper in all situations. To join separate claims together in one action, plaintiffs must meet two specific requirements: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Id.*; *see* Rule 20(a). Joinder is proper only if both of these requirements are satisfied. 4 Moore's Federal Practice § 20.02[2][a][ii].

---

[3](a) Persons Who May Join or Be Joined.
(1) Plaintiffs. Persons may join in one action as plaintiffs if:
    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all plaintiffs will arise in the action.

The Eight Circuit Court of Appeals recently discussed the requirements for permissive joinder of claims under Rule 20(a) in *In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010):

> Rule 20(a)(1), Federal Rules of Civil Procedure, allows multiple plaintiffs to join in a single action if (i) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action." [Footnote omitted.] In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term "transaction." As stated in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974):
>
>> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.
>
> *Id.* at 1333 (citations omitted); *see also* 7 Charles A. Wright et al., Federal Practice and Procedure, § 1653, at 415 (3d ed. 2001) (explaining that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.").

*Id.*, 591 F.3d at 622.

Applying these principles, it is clear that the plaintiffs' claims do not arise from identical facts. Most obviously, the plaintiffs were employed by the Center during different time periods that did not overlap. The plaintiffs recognize this. In the Complaint, they allege a separate "statement of facts" for the each plaintiff. However, it

is just as clear that the plaintiffs' claims are logically related, and construing the term "transaction" broadly, the claims arise out of the same series of transactions. Furthermore, there are several common questions of fact, and the questions of law applicable to the claims of both plaintiffs appear, for the most part, to be identical.

Having one trial in this case would promote judicial economy. At least some of the witnesses and documentary evidence would be the same. In their reply, the defendants emphasize the possible prejudice from trying the claims together, arguing the plaintiffs will use evidence that supports one of the plaintiff's claims to unfairly buttress the claims of the other plaintiff. While this certainly is a risk, the risk is present in almost any joint trial. As the Eighth Circuit has held in the context of a criminal case where co-defendants seek to be tried separately, "[s]everance becomes necessary [only] where . . . a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998). The same considerations apply here. The court finds that any possible prejudice to the defendants from a joint trial can be addressed by carefully instructing and cautioning the jury.

The defendants' motion for separate trials is **denied**. *See Mosley*, 497 F.2d at 1332 (district court has discretion to determine scope of a civil action, and court's decision will be reversed only for abuse of discretion).

**IT IS SO ORDERED.**

**DATED** this 7th day of May, 2010.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT